# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| SAM IRVIN<br>542 Shaftsbury Road<br>Troy, OH 45373, | Case No.: 3:20-cv-64<br><br>Judge: |
| Plaintiff, on behalf of himself and all others similarly situated, | |
| v. | |
| JP MANAGEMENT GROUP, INC.<br>Serve Statutory Agent<br>Joy M. Patrick<br>314 Rue Marseille<br>Kettering, OH 45429,<br><br>and<br><br>JOY PATRICK<br>1200 E. Second St., Suite D<br>Franklin, OH 45005,<br><br>Defendants. | Jury Demand Endorsed Hereon |

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff Sam Irvin ("Plaintiff"), on behalf of himself and all others similarly situated, and proffers this Complaint for damages against Defendants JP Management Group, Inc. and Joy Patrick (collectively, "Defendants").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111, *et seq*. ("Chapter

4111"), the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, *et seq.*

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of claims arising under the laws of the United States.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio and performed his job duties there and Defendants are doing and have done substantial business in the Southern District of Ohio.

5. ERISA § 502(e)(2) provides that venue is proper "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Because the breach at issue took place in this district and/or the plan is administered in this District and/or Defendants resides in this District, venue is also proper.

## THE PARTIES

6. Plaintiff is an individual, a United States citizen, and a resident of the state of Ohio.

7. At all times relevant herein, Plaintiff was an "employee" of Defendants as that term is defined in the FLSA and Chapter 4111.

8. Defendant JP Management Group, Inc. ("Defendant JPMG") is an Ohio corporation doing business in the Southern District of Ohio.

9. Defendant Joy Patrick ("Defendant Patrick") is, based upon information and belief, the owner of Defendant JPMG.

10. At all times relevant herein, Defendant JPMG was Plaintiff's "employer" as defined in Chapter 4111 and a covered "employer" as defined in the FLSA.

11. At all times relevant herein, Defendant Patrick was Plaintiff's "employer" as defined in Chapter 4111 and a covered "employer" as defined in the FLSA.

12. At all times relevant to this action, Defendants were engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

13. During relevant times, Defendant Patrick possessed and exercised the authority to hire, fire, and discipline Defendant JPMG's employees.

14. During relevant times, Defendant Patrick possessed and exercised the authority to set rates and methods of compensation of Defendant JPMG's employees.

15. During relevant times, Defendant Patrick possessed and exercised the authority to control the work schedules and employment conditions of Defendant JPMG's employees.

16. During relevant times, Defendant Patrick possessed and exercised the authority to control the normal day-to-day activities of Defendant JPMG's employees.

17. During relevant times, Defendant Patrick possessed and exercised ultimate authority and control of the employment records of Defendant JPMG's employees.

18. During relevant times, Defendant Patrick possessed and exercised ultimate decision-making power over important company decisions concerning Defendant JPMG.

19. During relevant times, Defendants mutually benefitted from the work performed by Defendant JPMG's employees, including Plaintiff.

20. During relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Defendant JPMG's employees, including Plaintiff.

21. During relevant times, Defendants shared the services of Defendant JPMG's employees, including Plaintiff.

22. During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Defendant JPMG's employees, including Plaintiff.

23. Upon information and belief, Defendants' employees were engaged in interstate commerce and Defendants have annual gross volume sales and/or business in an amount not less than $500,000.

24. Plaintiff was a participant in the Defendant's group health plan (the "Plan") as of his resignation, effective August 30, 2019.

25. Plaintiff's resignation constituted a qualifying event within the meaning of 29 U.S.C. § 1167(3).

26. Plaintiff resigned his employment, and therefore, was not terminated for gross misconduct.

## FACTUAL BACKGROUND

27. Defendant JPMG is a company that provides staffing services.

28. Plaintiff worked for Defendants from June 2015 until August 30, 2019 as a maintenance employee.

29. Throughout Plaintiff's employment with Defendants, he was paid on an hourly basis and worked approximately 50 hours per workweek.

4

30. Throughout Plaintiff's employment with Defendants, Defendants instructed Plaintiff that he was not permitted to submit for payment any hours that he worked in excess of 40 hours per workweek.

31. Defendants were aware that Plaintiff typically worked in excess of 40 hours per workweek.

32. Plaintiff's shifts with Defendants began at 6 a.m. every day.

33. Defendant Patrick asked Plaintiff to perform maintenance work on her personal residence while still on the clock on an almost daily basis.

34. Defendant Patrick typically witnessed Plaintiff leaving her residence to conclude his workday around 4:00 p.m.

35. Throughout his employment, Defendants failed to compensate Plaintiff for any hours worked in excess of 40 hours per workweek.

36. Defendants maintained a policy of refusing to provide its employees with payment for hours worked in excess of 40 hours per workweek via hourly wages or premium overtime payments.

37. In or around late 2016, the United States Department of Labor audited Defendants' pay practices.

38. Upon completing its investigation, the Department of Labor instructed Defendants to retract its policy stating that Defendants would not provide employees with overtime payments, for the stated reason that the policy was unlawful.

39. Defendants did not alter their overtime policy following the Department of Labor's investigation.

40. Plaintiff resigned from his employment with Defendants on or around August 30, 2019.

41. On January 20, 2020, Defendants became aware of Plaintiff's threat of litigation.

42. On January 22, 2020, Asurint, a consumer reporting agency, sent Plaintiff a correspondence stating that Asurint provided a consumer report to Defendants pursuant to Defendants' request for said report for the purposes of determining Plaintiff's eligibility for "employment, promotion, reassignment, and/or retention or volunteer placement."

43. Since Plaintiff's resignation from Defendant JPMG, Plaintiff has not applied for re-employment or a volunteer placement at Defendant JPMG.

44. Upon information and belief, Defendants' request to Asurint was sent by Defendant Patrick or at Defendant Patrick's instruction.

45. Prior to his resignation, Plaintiff was enrolled in Defendant JPMG's group health plan.

46. Under COBRA, an employer must provide an employee with notification of his or her right to receive continued health insurance benefits within 30 (thirty) to 44 (forty-four) days after the occurrence of a qualifying event.

47. Defendant JPMG had a duty to mail Plaintiff a COBRA notice of continuation of rights in compliance with 29 U.S.C.S. §§ 1161-1168.

48. Plaintiff was entitled to a COBRA notification on or before October 19, 2019 as a result of the resignation of his employment effective August 30, 2019.

49. Defendant JPMG failed to send Plaintiff COBRA notice of continuation benefits information in violation of 29 U.S.C.S. §1166.

50. Plaintiff requested information about the status of his health benefits following his termination via text messages to Defendant Patrick, but Defendant Patrick did not respond.

51. Upon information and belief, Defendant JPMG had no system in place to provide its employees with notices concerning the continuation of health benefits upon qualifying events.

52. Upon information and belief, Defendant JPMG failed to provide any of its employees who experienced a qualifying event with notices concerning the continuation of health benefits.

53. Plaintiff's resignation effective August 30, 2019 lead to a loss of health insurance coverage.

54. Plaintiff was unable to obtain health insurance following his resignation.

55. Plaintiff has suffered due to delayed treatment caused by a lack of insurance.

56. Plaintiff has paid out-of-pocket for necessary medical expenses caused by a lack of insurance.

57. To date, Defendant JPMG has not sent Plaintiff notice of his right to continue health benefits.

58. As a result of Defendant JPMG's violation of the COBRA statute, Plaintiff is entitled to recover damages, in an amount up to $110 per day, from the date that Defendant JPMG violated COBRA statutory requirements to the date that Defendant JPMG provides him with notice of continuation benefits information.

59. Plaintiff is entitled to recover medical expenses he incurred due to Defendant JPMG's COBRA violation, and other appropriate equitable relief to be determined at trial.

60. Plaintiff is entitled to recover all attorneys' fees and costs expended in bringing this action.

## CLASS ACTION ALLEGATIONS
**Failure to Give Notice of COBRA Benefits to Plaintiff and All Others Similarly Situated in Violation of 29 U.S.C.S. § 1166 (a)(4)**

61. Plaintiff brings this claim as a class action pursuant to the Federal Rules of Civil Procedure on behalf of the following persons:

> All participants and beneficiaries in Defendant JPMG's Health Plan who experienced a qualifying event, as determined by Defendant JPMG's records, who were not sent a

7

COBRA notice in compliance with 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 by Defendant JPMG during the applicable statute of limitations period.

62. No administrative remedies exist as a prerequisite to Plaintiff's claims on behalf of the Putative Class. As such, any efforts related to exhausting such non-existent remedies would be futile.

63. Numerosity: The Class is so numerous that joinder of all Class members is impracticable. On information and belief hundreds of individuals satisfy the definition of the Class.

64. Typicality: Plaintiff's claims are typical of the Class. Upon information and belief, Defendant JPMG has a practice of failing to send out COBRA notices in compliance with 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 to participants and beneficiaries in the Defendant JPMG's Health Plan who experienced a qualifying event. As such, Defendant JPMG's failure to send out a COBRA notice to Plaintiff was typical of its failure to do so for other Class Members.

65. Adequacy: Plaintiff will fairly and adequately protect the interests of the Class members, he has no interests antagonistic to the class, and has retained counsel experienced in complex class action litigation.

66. Commonality: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

    a. Whether the Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1);

    b. Whether Defendant JPMG complied with the notice requirements of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

8

    c. Whether statutory penalties should be imposed against Defendant JPMG under 29 U.S.C. § 1132(c)(1) for failing to comply with COBRA notice requirements, and if so, in what amount;

    d. The appropriateness and proper form of any injunctive relief or other equitable relief pursuant to 29 U.S.C. § 1132(a)(3); and

    e. Whether (and the extent to which) other relief should be granted based on Defendant JPMG's failure to comply with COBRA notice requirements.

67. Class Members do not have an interest in pursuing separate individual actions against Defendant JPMG, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant JPMG's practices and the adequacy of its COBRA notice. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

68. Plaintiff intends to send notice to all Class Members to the extent required the Federal Rules of Civil Procedure. The names and addresses of the Class Members are available from Defendant JPMG's records.

## FIRST CAUSE OF ACTION
**Failure to Pay Plaintiff Overtime Payments in Violation of the FLSA and O.R.C. § 4111,** *et seq.* **by All Defendants**

69. All of the preceding paragraphs are realleged as if fully rewritten herein.

70. Throughout his employment, Plaintiff regularly worked in excess of 40 hours per workweek.

71. Plaintiff was paid on an hourly rate during his employment with Defendants, but not provided with hourly wages or premium overtime payments for hours worked in excess of 40 hours per workweek.

72. Defendants were aware that Plaintiff worked significantly more than 40 hours per workweek but was not receiving premium overtime payments for hours worked in excess of 40 hours per workweek.

73. Defendants knew or should have known they were required to provide Plaintiff with wages and premium overtime payments for hours worked in excess of 40 hours per workweek by state and federal law.

74. Accordingly, Plaintiff was forced to work for Defendants without receiving payment or overtime premium payments for hours worked in excess of 40 hours per workweek. As a result, Plaintiff has been damaged.

## SECOND CAUSE OF ACTION
**Improper Acquisition of Plaintiff's Credit Report
in Violation of the FCRA, 15 U.S.C. §§ 1681b(f); 1681n; 1681q by Defendant JPMG**

75. All of the preceding paragraphs are realleged as if fully rewritten herein.

76. The documents and information provided to Defendants as detailed in Asurint's January 22, 2020 letter to Plaintiff constituted a "consumer report" as defined by the FCRA.

77. Plaintiff is a "consumer" as defined by the FCRA.

78. Defendants are "users" of consumer reports and/or information as that term is used throughout the FCRA.

79. Defendants acquired a consumer report and/or information concerning Plaintiff from a consumer reporting agency.

80. In acquiring Plaintiff's consumer report and/or information concerning Plaintiff, Defendants acted without Plaintiff's knowledge or consent.

81. In obtaining Plaintiff's consumer report and/or information concerning Plaintiff, Defendants acted with knowing or reckless disregard for the rights of Plaintiff.

82. Defendant JPMG obtained Plaintiff's consumer report and/or information concerning Plaintiff under false pretenses.

83. In the alternative, Defendant JPMG obtained Plaintiff's consumer report without a permissible purpose.

84. As a result of Defendant JPMG's unlawful actions, Plaintiff is entitled to damages of not less than $100 and not more than $1,000, as well as punitive damages and attorneys' fees.

## THIRD CAUSE OF ACTION
### Acquisition of a Credit Report Under False Pretenses in Violation of the FCRA, 15 U.S.C. §§ 1681b(f); 1681n by Defendant Joy Patrick

85. All of the preceding paragraphs are realleged as if fully rewritten herein.

86. Defendant Joy Patrick obtained Plaintiff's consumer report and/or information concerning Plaintiff under false pretenses.

87. In the alternative, Defendant Patrick obtained Plaintiff's consumer report without a permissible purpose.

88. As a result of Defendant Joy Patrick's unlawful actions, Plaintiff is entitled to $1,000, as well as punitive damages and attorneys' fees.

## FOURTH CAUSE OF ACTION—CLASS CLAIM
### Failure to Give Notice of COBRA Benefits to Plaintiff and All Others Similarly Situated in Violation of 29 U.S.C.S. § 1166 (a)(4) by Defendant JPMG

89. All of the preceding paragraphs are realleged as if fully rewritten herein.

90. Defendant JPMG is subject to the notice requirements of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), under 29 U.S.C. § 1161 because it employs more than twenty employees.

91. Upon information and belief, Defendant JPMG is a corporation, employer and Plan sponsor as those words are defined in 29 U.S.C.S. Section 1161, *et. seq.*, § 1161(a) and § 1162(2)(A).

92. Upon information and belief, Defendant JPMG is the Plan administrator of the health insurance plan that Defendant JPMG provides to its employees.

93. The Plan provides medical benefits to employees and their beneficiaries, and is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and a group health plan within the meaning of 29 U.S.C. § 1167(1).

94. Plaintiff and the other members of the Class experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and Defendant JPMG was aware that they had experienced such a qualifying event.

95. Defendant JPMG failed to send Plaintiff and the Class Members a COBRA notice pursuant to 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4.

96. Defendant JPMG's conduct was material and willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually requests monetary damages including economic damages, statutory damages, liquidated damages, punitive damages, expert witness fees, attorneys' fees and costs, and any other relief which the Court deems just and appropriate.

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief as follows:

a. Designating Plaintiff's counsel as counsel for the Class;

b. Issuing proper notice to the Class at Defendant JPMG's expense;

c. Awarding statutory penalties to the Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each Class Member who did not receive a COBRA notice by Defendant JPMG;

d. Awarding attorneys' fees, costs and expenses to Plaintiff's counsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law; and

e. Granting such other and further relief, in law or equity, as this Court deems appropriate.

Respectfully submitted,

/s/ Angela J. Gibson
Angela J. Gibson (0080928)
Bradley L. Gibson (0085196)
Brian G. Greivenkamp (0095918)
**GIBSON LAW, LLC**
9200 Montgomery Road, Suite 11A
Cincinnati, OH  45242
angela@gibsonemploymentlaw.com
brad@gibsonemploymentlaw.com
brian@gibsonemploymentlaw.com
513.834.8254 [T]
513.834.8253 [F]

## **JURY DEMAND**

Plaintiff demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Angela J. Gibson
Angela J. Gibson (0080928)